Argued and submitted May 14, 2002, peremptory writ to issue March 27, 2003

## STATE OF OREGON,
*Plaintiff-Adverse Party,*

*v.*

## ROBERT J. ORIANS,
*Defendant-Relator.*

(CC 0104-32903; SC S49163)

66 P3d 468

Stanley D. Gish, Portland, argued the cause and filed the brief for defendant-relator.

Kaye E. McDonald, Assistant Attorney General, Salem, argued the cause and filed the brief for plaintiff-adverse

party. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.**

GILLETTE, J.

---

** Leeson, J., resigned January 31, 2003, and did not participate in the decision of this case.

## GILLETTE, J.

In this mandamus proceeding, relator, a defendant in a criminal proceeding, asks this court to compel the trial judge to dismiss an indictment pursuant to a civil compromise under ORS 135.705, set out below. Relator argues that the trial judge had agreed that she would dismiss the indictment against him under certain conditions and that he has complied with those conditions. Because the trial judge now refuses to dismiss the indictment against relator, and because relator does not wish to lose the benefit of his civil compromise with the victim, relator seeks extraordinary relief in mandamus. For the reasons set out below, we conclude that the trial judge abused her discretion in refusing to dismiss the indictment. We therefore issue a peremptory writ directing her to do so.

Relator was indicted on five counts of theft. A different trial judge dismissed four of the charges, not involving the same victim, pursuant to a civil compromise. The remaining count of the indictment concerned relator's alleged theft from Umon (the victim) respecting the prospective purchase of real estate. Relator entered into a written civil compromise agreement with the victim, paying him $12,500 and giving him a note for an additional $3,000. The victim signed the agreement. The agreement on its face complied with ORS 135.705, which provides that a trial court, in its discretion, may dismiss an indictment "if the person injured acknowledges * * * that the person has received satisfaction for the injury." As noted, relator then presented the agreement to the court and moved for dismissal of the charge.

At the first hearing on relator's motion to dismiss, the prosecutor told the judge that relator's case was one in which the prosecutor "ordinarily * * * would vigorously oppose any kind of civil compromise." That said, however, the prosecutor then offered what she styled as a "suggestion for the [c]ourt * * * if the court [were] willing to entertain a civil compromise." The prosecutor outlined the alleged facts of relator's theft from the victim. The prosecutor pointed out that the grand jury also had indicted relator for securities fraud (a crime carrying a heavier penalty than the theft

charge before the trial court) and that relator faced trial on that securities fraud charge the following month.

The prosecutor went on to describe the victim as a person "not * * * of substantial means." For that reason, the prosecutor asserted, the victim in this case suffered more severe financial harm when relator took his money than did relator's other, wealthier victims.[1] Finally, the prosecutor recommended that the court set the matter over for a period of 90 days, to ensure that relator paid the victim the remaining $3,000 that relator had promised to pay and, further, to ensure that relator did not attempt to discharge his debt to the victim in bankruptcy. Relator's attorney told the court that relator would "stipulate to the District Attorney's * * * 90-day deal."[2]

After the foregoing colloquy, the court told relator:

> "So, the good news * * * is that if you are able to pay off [the victim] in toto, *then I will go ahead and dismiss this case*. I'll set it over for 90 days, and that way the victim can be paid and *you can be assured of a dismissal*."

(Emphasis added.)

Three months later, the court held a second hearing on the motion to dismiss, by which time relator had paid the victim the remaining $3,000. However, the trial judge refused to dismiss the theft charge because, by that time, another judge had dismissed, on statute of limitations grounds, the securities fraud case that the prosecutor had described at the first hearing. Relator objected to the trial judge's refusal to dismiss, arguing that the trial judge had "made a deal" to dismiss the charge in 90 days if relator paid the victim.[3] Relator also argued that the judge incorrectly

---

[1] The prosecutor's description prompted the trial judge to inquire about the source of the money that relator was using to repay the victim. The prosecutor said that she understood that relator was borrowing it from a family member.

[2] In describing for the trial court the reasons for which a civil compromise in the underlying case would be an appropriate disposition, the prosecutor did not mention any factor that suggested that the trial court should deny relator's motion.

[3] The record does not reflect the prosecutor's position on the motion to dismiss at the second hearing. (The transcript makes clear that a colloquy already had occurred before the court went on the record.) The prosecutor stated on the record only that relator had paid the victim the balance of the debt and that the securities fraud case had been dismissed on statute of limitations grounds.

was assuming that relator would have lost the securities fraud case, had the district attorney succeeded in bringing it to trial. The trial judge responded that, if the securities fraud case had not been dismissed, "at least there would have been a trial." She explained:

"Had I been informed at the time of this matter that there was a legal impediment to the securities fraud case, it would have resulted in my declining to compromise this case.

"I was not made aware of that and, in fact, as I sat here on the bench and was weighing whether it was appropriate to dismiss this case, [the prosecutor] stated to me that there was in fact another case pending. And I thought that the dismissal of this case, therefore, would not be significant because this is a class B felony, the securities fraud case was significantly more important. And I was made aware that other individuals who were alleging fraud by [relator] were in better financial health than was [the victim]. That was the representation that was made to me at the time of the hearing.

"And as a result of that I felt that I needed to do everything in my power to make [the victim] whole. * * *"

Relator then petitioned this court for an alternative writ of mandamus. This court issued the writ, and the present proceeding ensued.

We begin with an examination of the statutory scheme. ORS 135.703 to 135.709 authorize dismissal of criminal prosecutions pursuant to a civil compromise. ORS 135.703 provides, in part:

"(1) When a defendant is charged with a crime * * * for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised, as provided in ORS 135.705, [with certain exceptions not relevant to the present case]."

ORS 135.705(1)(a) describes the authority to order a dismissal pursuant to a compromise:

"If the person injured acknowledges in writing, at any time before trial on an accusatory instrument for the crime, that the person has received satisfaction for the injury, *the court may, in its discretion,* * * * order the accusatory

instrument dismissed. The order must be entered in the register."

(Emphasis added.) Discharge by compromise is a bar to another prosecution for the same crime. ORS 135.707.

There is no debate in this case that the charge against relator was one that could be compromised. Neither is there any question that the victim signed the appropriate form of writing or that relator otherwise complied with the statute's procedural elements. What lies at the heart of the statute, however, is the explicit grant of discretion to the trial court to accept (or not to accept) the proposed compromise.

■ The statute states that "the court may, *in its discretion*," accept the compromise. (Emphasis added.) That grant of discretion is not limited in any explicit way, once the parties satisfy the statutory formalities. The trial court is left to take into consideration virtually any factor that it deems relevant (short of considerations such as race, religion, or the like, which cannot be given decisional weight for constitutional reasons).

■ With the foregoing statutory scheme in mind, we summarize the factual setting of the underlying case. At the first hearing, relator presented to the trial judge a proposed civil compromise that the district attorney's office appeared to be prepared to accept, provided that the compromise protected the interests of the victim. In the prosecutor's view, the compromise as proposed did not protect those interests. She recommended two additional conditions, to which relator acceded. Because those conditions could not be met for a period of 90 days, a second hearing was necessary. The question narrows down to this: Had the trial judge already exercised her discretion by the end of the first hearing, with dismissal of the charging instrument thereafter being a mere ministerial act, or had the judge reserved her discretionary ruling until the second hearing?

In our view, the answer is that, under the narrow set of facts presented here, the trial judge had exercised her discretion at the first hearing when she promised to dismiss the charging instrument. Once she made that promise in that manner, nothing remained to be done except to carry out the ministerial act of signing the document that dismissed the

indictment. We do not say, however, that the trial judge's promise denied her the right to withdraw that promise later. As we shall explain, there may be circumstances that would permit a judge to do that. But doing so would be a further exercise of discretion, subject to review for abuse. And, in our view, the trial judge's refusal to carry out the ministerial act of signing the dismissal in the case below was not a permissible exercise of the discretion that the civil compromise statute conferred on her.

There are times when a judge gives his or her word so directly that, absent unusual and unexpected subsequent developments, the judge must be said to have exercised the judge's power at the time that the judge makes the statement, even before the judge signs a document memorializing that promise. We think that the case below is such a case. The judge's statement could not have been more direct. The judge promised to do a certain thing, subject only to the occurrence of two events. That was a promise that the judge in the ordinary course reasonably must be expected to honor.

We assume that there may be circumstances in which a trial judge makes statements as unequivocal as those made in the case below but still may decline to carry out the promise. One such circumstance might arise if it were shown at a later time that the party to whom the judge had made the promise had concealed some material fact from the judge. Another such circumstance might arise if a material fact arose after the promise was made, if that fact undermined the basis for the promise. In the present case, for example, it could be argued that, had relator been charged with additional, similar acts of theft after the judge made her promise, she would have been entitled to withdraw that promise.[4] We further assume that certain of such circumstances might so reflect on the fairness and advisability of accepting a proffered civil compromise that a trial judge would not be required to state those circumstances on the record ahead of time to be able to rely on them later.[5]

---

[4] At oral argument, counsel for relator agreed that such circumstances could arise and probably would justify the judge's refusal to act.

[5] Again, counsel for relator acknowledged at oral argument that the judge need not always identify such circumstances on the record ahead of time, although it would be the better practice to do so.

However, even with the foregoing reservations, it also is true that there are many contingencies that might arise after a judge has exercised his or her discretion by making a promise to act in a certain way that will not justify the judge in changing his or her mind. In our view, and for the reasons that follow, the case below is illustrative of that latter category.

At the time of the initial hearing in the underlying case, all parties and the judge were aware that relator faced another charge. All parties and the judge knew that that other charge could not be compromised civilly. All parties and the judge therefore expected that the other charge would proceed.

And the charge did "proceed." It proceeded to one of several possible outcomes in a criminal case, *i.e.*, it proceeded to dismissal. That outcome may not have been as foreseeable as either a conviction or an acquittal, but it was one reasonably possible outcome.[6] The problem here arises because, although there were multiple possible outcomes, the trial judge may not have been equally willing to have relator receive a civil compromise, no matter which outcome occurred. To state the matter even more concretely: The trial judge apparently intended from the outset to withdraw her earlier discretionary ruling if the other charge did not at least proceed to adjudication on the merits. We do not here suggest that such a condition, if disclosed, would have exceeded the scope of the trial court's discretion under ORS 135.705(1)(a). That issue is not before us and, as noted, the discretion conferred on the trial judge is very broad. But we do find it to be unreasonable for the trial judge, at the second hearing, to have been unwilling to accept only certain possible outcomes to the other charge, but not others, without even voicing such a condition before the event.

Put differently: The trial judge exercised her statutory discretion by promising to take a certain action when two other events had occurred, as they ultimately did. In so doing, the trial judge was entitled to expect that many

---

[6] Nothing in this record suggests that counsel for relator at the initial hearing concealed from the trial judge any information concerning the possible dismissal of the other charge.

aspects of the *status quo ante* would continue. Among those aspects, the judge was entitled to expect that the other, pending charge would proceed to a conclusion. But, as noted, the other charge did proceed to a conclusion. And, that charge having done so, it is not reasonable for the trial judge now to act on the particular, previously undisclosed reservation that she had respecting the manner in which the other charge would conclude and, pursuant to that reservation, further to exercise her discretion by refusing now to honor the civil compromise.

Based on the foregoing analysis, we conclude that the trial judge's refusal to honor the civil compromise by dismissing the indictment was an abuse of discretion. The trial judge has not identified any other legal basis that she claims justifies her decision. We therefore direct that a peremptory writ issue directing the trial judge to dismiss the indictment.

Peremptory writ to issue.